IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**LARRY ROBERSON and MICHAEL JOHNSON, Each Individually and on Behalf of All Others Similarly Situated**                     **PLAINTIFFS**

vs.                                         No. 4:20-cv-695

**VITAL ENERGY TRANSPORTATION, INC., and KENNETH ANCAR, JR.**                     **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Larry Roberson and Michael Johnson (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants Vital Energy Transportation, Inc., and Kenneth Ancar, Jr. (collectively "Defendants"), they do hereby state and allege as follows:

### I.   INTRODUCTION

1. This is a collective action brought by Plaintiffs Larry Roberson and Michael Johnson, each individually and on behalf of all transportation service employees of Defendants at any time within the three-year period preceding the filing of this Complaint.

2. Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., when Defendants failed to pay Plaintiffs and other similarly situated employees lawful overtime premiums for hours worked in excess of forty (40) per week when they were employed as transportation service employees.

3. Defendants violated the FLSA when Defendants failed to pay Plaintiffs and others similarly situated at a rate equivalent to or greater than the federal minimum wage for all hours worked.

4. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendants' failure to pay proper minimum wage and overtime compensation under the FLSA.

5. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

6. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

7. Defendants conduct business within the State of Texas and maintain their headquarters in Richmond.

8. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Defendants are located in Texas, so the State of Texas therefore has personal jurisdiction over Defendants.

9. Plaintiffs were employed by Defendants to provide services for Defendants' business in the Southern District of Texas. Therefore, the acts alleged in this Complaint had their principal effect within the Southern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.  THE PARTIES

10. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Larry Roberson ("Plaintiff Roberson") is a resident of and domiciled in Dallas County.

12. Plaintiff Roberson was employed by Defendants as a transportation service employee during April of 2019.

13. Plaintiff Michael Johnson ("Plaintiff Johnson") is a resident of and domiciled in Harris County.

14. Plaintiff Johnson was employed by Defendants as a transportation service employee during April and May of 2019.

15. At all times relevant herein, each Plaintiff was an "employee" of Defendants as defined by the FLSA.

16. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

17. Defendant Vital Energy Transportation, Inc. ("Vital Energy"), is a domestic for-profit corporation, organized and conducting business under the laws of the State of Texas, and may be served through its registered agent for service of process, Kenneth R. Ancar, Jr., at 4031 FM 1463, Suite 40-281, Katy, Texas 77494.

18. Separate Defendant Kenneth Ancar, Jr. ("Ancar"), is an individual and resident of Louisiana.

19. Ancar is an owner, principal, officer and/or director of Vital Energy.

20. Ancar manages and controls the day-to-day operations of Vital Energy, including by not limited to the pay policies applicable to Plaintiffs.

21. Defendants operate a freight hauling and logistics service business based in Texas.

22. Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

23. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

24. Defendants had at all times relevant hereto been engaged in interstate commerce as that term is defined under the FLSA.

25. Defendants had at all times relevant hereto employed four or more individuals.

### IV.   FACTUAL ALLEGATIONS

26. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

27. Within the relevant time period, Plaintiffs and other similarly situated employees were paid only for each job they completed for Defendants.

28. Plaintiffs and other similarly situated employees performed duties such as loading and unloading company vehicles, hauling freight and maintaining company vehicles.

29. It was Defendants' commonly applied policy to only pay Plaintiffs and other similarly situated employees a certain amount for each freight hauling job they completed.

30. Defendants did not pay Plaintiffs and other similarly situated employees for time spent at work doing other work activities, such as loading or unloading Defendants' vehicles, engaging with Defendants' clients, or maintaining Defendants' vehicles.

31. Defendants deducted pay from Plaintiffs' and other similarly situated employees' paychecks for insurance, but Defendants did not use this money to pay the premiums and provide insurance coverage.

32. Defendants directly hired Plaintiffs and other similarly situated employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

33. Plaintiffs and other similarly situated employees regularly worked in excess of forty (40) hours per week.

34. Defendants did not pay Plaintiffs or similarly situated employees one and one-half (1.5) times their regular rate for hours in excess of forty (40) per week.

35. Defendants did not pay Plaintiffs or similarly situated employees the equivalent of an hourly rate at the federal minimum wage for all hours worked.

36. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiffs and other similarly situated employees violated the FLSA.

37. Plaintiffs and other similarly situated employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V. REPRESENTATIVE ACTION ALLEGATIONS

38. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated into this section.

39. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA.

40. Plaintiffs brings their claims for violation of the FLSA as a collective action pursuant to Sections 207 and 16(b) of the FLSA, 29 U.S.C §§ 207 and 216(b), on behalf of all persons who were, are or will be employed as similarly situated within the statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wage for all hours worked in any week;

B. Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week; and

C. Liquidated damages and attorney's fees.

41. Plaintiffs propose the following collective under the FLSA:

> **All transportation service employees that were paid per freight hauling job within the past three years.**

42. In conformity with the requirements of FLSA Section 16(b), Plaintiffs will file written Consents to Join this lawsuit.

43. The relevant time period dates back three years from the date on which this lawsuit was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

44. The members of the proposed class share these traits:

A. They were paid on a per job basis;

B. They worked as transportation service employees;

C. They were subject to the same policy of being required to work over forty (40) hours in a one-week period;

D. They were subject to the same policy of only being paid a piece rate for freight hauling;

E. They did not receive pay equivalent to an hourly rate at the federal minimum wage; and

F. They did not receive a lawful overtime premium for all hours worked over forty (40) per week.

45. Plaintiffs are unable to state the exact number of the potential members of the class but believe that the class exceeds twenty (20) persons.

46. Defendants can readily identify the members of the Section 16(b) classes, which encompasses all transportation service employees at its business locations.

47. The names, cell numbers and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text and first class mail (or email) to their last known addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claims.

## VI. FIRST CAUSE OF ACTION
### (Individual Claims for Violation of the FLSA)

48. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all relevant times, Defendants were the "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203.

51. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

53. Defendants' policy of requiring Plaintiffs and other similarly situated employees to work more than forty (40) hours in a work week and only paying them a piece rate for each freight hauling job resulted in Defendants not paying employees an amount equivalent to an hourly rate at or exceeding the federal minimum wage or an overtime premium of one and one-half (1.5) times the regular rate for all hours worked over forty (40) in each one-week period.

54. Despite the entitlement of Plaintiffs to minimum wage payments under the FLSA, Defendants failed to pay Plaintiffs an amount equivalent to an hourly rate at the federal minimum wage for all hours worked.

55. Despite the entitlement of Plaintiffs to overtime payments under the FLSA, Defendants failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

56. Defendants' failure to pay Plaintiffs all minimum wages and overtime wages owed was willful.

57. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

58. Plaintiffs repeat and re-allege all previous paragraphs of their Complaint as though fully incorporated in this section.

59. Plaintiffs, individually and on behalf of others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

60. At all relevant times, Plaintiffs and all similarly situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

61. At all relevant times, Plaintiffs and all similarly situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

62. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

63. Despite the entitlement of Plaintiffs and those similarly situated to minimum wages and overtime premiums under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated and amount equivalent to an hourly rate at the federal minimum wage for all hours worked or an overtime premium of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period because

Defendants intentionally only paid Plaintiffs and all those similarly situated a piece rate for the freight hauling jobs they completed.

64. Because these employees are similarly situated to Plaintiffs, and are owed minimum wages and overtime wage for the same reasons, the proposed collective is properly defined as follows:

> **All transportation service employees that were paid per freight hauling job within the past three years.**

65. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Larry Roberson and Michael Johnson, each individually and on behalf of all others similarly situated, respectfully pray that Defendants be summoned to appear and to answer herein as follows:

(a)   That Defendants be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

(b)   A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and its relating regulations;

(c)   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(d) Judgment for damages for all unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and its relating regulations;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and its relating regulations in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

(f) An order directing Defendants to pay Plaintiffs and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**LARRY ROBERSON and MICHAEL JOHNSON, Each Individually and on Behalf of all Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com